**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-30235
Summary Calendar

_____


GOLDEN RULE INSURANCE COMPANY,

Plaintiff-Appellant-
Cross-Appellee,

VERSUS

DONALD B. STRAUSS,

Defendant-Appellee-
Cross-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-CV-4067-I)

_____

March 5, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Golden Rule Insurance Company ("Golden Rule") appeals the

denial of attorneys' fees stemming from its successful claim of

material misrepresentation against Donald Strauss. Strauss cross-

appeals, alleging that the district erred in finding that Golden

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule had sufficiently proven its material misrepresentation claim. We affirm with respect to Strauss's cross-appeal and reverse and remand for an award of attorneys' fees on the direct appeal.

## I.

Golden Rule brought this action against Donald Strauss seeking rescission of a permanent medical insurance policy it had issued to Strauss in February 1993. According to Golden Rule, Strauss misrepresented his medical history on the enrollment application by indicating that, within the past ten years, he had not had any indication, diagnosis, or treatment of diabetes or sugar in the urine or blood. In fact, Golden Rule alleged, Strauss had been diagnosed with diabetes in 1986, was treated for the disorder, and had disclosed it on a 1989 application for a life insurance policy with another insurer. After an underwriting communicator received oral confirmation from Strauss that he had never been told that he may be diabetic, Golden Rule issued the policy.

In June 1993, Strauss had a heart attack. During the course of its investigation of Strauss's claims relating to the heart attack, Golden Rule discovered that he had misrepresented his medical history on the insurance application, so it rescinded the policy. Golden Rule filed the instant action seeking to have the policy declared void.

After a two-day bench trial, the district court declared the policy void, finding that Strauss had made a material misrepresen-

tation on his application with the intent to misstate his true medical history. The court refused, however, to award attorneys' fees to Golden Rule.

## II.

We review the district court's conclusions of law *de novo* and its factual findings for clear error. *See Reich v. Lancaster*, 55 F.3d 1034, 1044 (5th Cir. 1995). We will not re-weigh the evidence nor disturb credibility inferences that the district court is more adept at considering at trial. *See id.*

## III.

On cross-appeal, Strauss argues that the district court erred in finding that he made a material misrepresentation with the intent to deceive. Under Louisiana law, an insurer seeking to rescind an insurance contract must prove (1) that the insured made a false statement (2) with the intent to deceive and (3) that the statement materially affected the insurer's decision to accept the risk. *See* LA. REV. STAT. ANN. § 22:619B; *Sigari v. Louisiana Health Serv. & Indem. Co.,* 580 So. 2d 953, 954 (La. App. 5th Cir. 1991); *Fagen v. National Home Life Assurance Co.*, 473 So. 2d 918, 920 (La. App. 4th Cir. 1985). A misrepresentation is material if knowledge of the fact would have influenced the insurer in determining whether to assume the risk and issue the policy or to refund the

premium.  *See Hoffpauir v. Time Ins. Co.*, 536 So. 2d 699, 703 (La. App. 3d Cir. 1988).

Strauss first contends that he did not make a false statement by answering in the negative the question whether, within the past ten years, he had had any indication, diagnosis, or treatment of diabetes or sugar in the urine or blood.  Notwithstanding the uncontroverted evidence that he had been diagnosed with diabetes in 1986, Strauss insists that he disclosed his diabetes in 1989 in an application for life insurance with a separate insurer, that he had been advised in 1991 to seek diet counseling because of his elevated blood sugar, and that his statement could not have been false because he did not believe that he had diabetes at the time he completed the application.  Whether Strauss so believed is inapposite to the application question; his response to the question was indeed false.

Strauss next argues that, because he misunderstood the question, he lacked the requisite intent to mislead.  Strauss contended in the district court that he understood the thrust of the coverage application to be asking about important and non-"minor" medical information.  Because he construedSSalbeit, incorrectlySSthe application as such, Strauss suggests that he was negligent, at most, in responding to the diabetes question and thus that his conduct fell short of the requisite intent.

The court may infer intent to deceive by looking either to the

4

surrounding circumstances‑‑indicating the insured's knowledge of the falsity of the representation and the recognition of the materiality of the representation‑‑or to the surrounding circumstances that create a reasonable apprehension that he recognized the materiality. *See Hoffpauir*, 536 So. 2d at 703. Strauss admitted that had been told by an insurance agent, before applying with Golden Rule, that he would be unable to procure permanent medical insurance because of his high blood sugar, and he conceded that he was aware that he would have been denied insurance had he disclosed his complete medical history.

We are convinced that the district court, in determining Strauss's intent to deceive, properly considered Strauss's awareness of the materiality of his misstatement and his knowledge of the falsity of his misstatement. Ultimately, the court's decision on intent was informed by its reasonable credibility inferences, which we will not disturb on appeal.

Finally, Strauss asserts that his misstatement was not material, as he did not believe that reporting a history of high blood sugar would cause Golden Rule to deny his application. As a preliminary matter, we are not persuaded that Louisiana law requires the *insured* to know that the misrepresented information is material, but only that the *insurer* demonstrate that the informa-

tion did materially affect the risks assumed by the insurer.[1]  Even assuming *arguendo* that Louisiana law does so require, we believe that Strauss's own testimony, referenced above, sufficiently demonstrates his awareness of the materiality of the information.


IV.

Under Louisiana law, "the party against whom rescission is granted because of fraud is liable for damages and attorney fees." LA. CIV. CODE ANN. art. 1958 (West 1994).  Fraud is a "misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."  LA. CIV. CODE ANN. art. 1953 (West 1994).  To establish fraud, the contracting party must prove both an intent to defraud or gain an unfair advantage and actual loss or damage or a strong possibility thereof.[2]

---

[1] *See, e.g.*, *Sigari*, 580 So. 2d at 954 ("Third, the *insurer* must establish that these mis-statements materially affected the risk assumed by the insurer.") (emphasis added); *Hoffpauir*, 536 So. 2d at 703 (same); *Fagen*, 473 So. 2d at 920 (same).

[2] *See First Downtown Dev. v. Cimochowski*, 613 So. 2d 671, 677 (La. App. 2d Cir.), *writ denied*, 615 So. 2d 340 (1993); *Transworld Drilling Co. v. Texas General Resources, Inc.*, 604 So. 2d 586, 590 (La. App. 4th Cir.), *writ denied*, 608 So. 2d 174 (1992).  There is some confusionSSboth in Louisiana law and in Golden Rule's briefSSregarding whether *potential* losses or damages are actionable under Louisiana law.  The confusion appears to stem from the *Transworld* court's statement that "actual or potential loss or damages" are sufficient to prove fraud.  604 So. 2d at 590.  *Transworld* cites *Wilson v. Wilson*, 542 So. 2d 568, 572 (La. App. 1st Cir. 1989), for that proposition, but the citation is not entirely accurate.  That is, the *Wilson* court's statement on fraud damages explains that the claimant must show loss or damage or "the *strong* possibility thereof." *Id.* (emphasis added) (citing *Hoover v. Mid-South Exploration Co.*, 479 So. 2d 551 (La. App. 1st Cir. 1985)).  Accordingly, *Wilson*, not *Transworld*, appears to reflect the correct damages requirement under Louisiana law.

Although the district court found that Strauss had effected a material misrepresentation on his application, it refused to award attorneys' fees, finding both that Strauss lacked the requisite intent and that Golden Rule had failed to prove any actual damages or a strong possibility thereof. As discussed above, the district court found correctly that Strauss had made false statements regarding his medical history, that he was then aware that he would have been denied medical insurance had he provided an accurate medical history, and thus that he acted with intent to deceive. The district court opined, however, that

> it would be absurd to assume that a person who acquires medical insurance does not intend to apply for benefits thereunder it and when he or she becomes ill. However, in the absence of evidence that an insured believes or has reason to believe that medical treatment is imminent, an intent to defraud is lacking. Otherwise, fraudulent intent could be established merely by showing that the insured obtained a policy through the misrepresentation, with an intent to deceive, of material information in his application, because an insurer could always demonstrate that the insured would probably present a claim in the future, when and if one arose.

We disagree that intent to defraud is to be construed so narrowly. Rather, the district court found that Strauss made false statements with intent to deceive Golden Rule into issuing a policy. Whether Strauss intended, at the time that he completed the application, to submit future claims for diabetes-related disorders or for bypass surgerySSthe malady for which he did in fact submit a claimSSis immaterial; his actions constitute fraud under Louisiana law. *See, e.g.*, *Ballard's, Inc., v. North Am. Land*

7

*Dev. Corp.*, 677 So. 2d 648, 648-49 (La. App. 2d Cir. 1996).

With respect to the damages element, the district court found that, because Golden Rule had not made any payments related to Strauss's medical claims, it suffered no actual loss. Golden Rule argues that the district court's disposition compels an insurer, in order to preserve its ability to obtain attorneys' fees upon rescission, first to make payments on a claim for which it intends to seek rescission and thereafter to sue for rescission. Of course, if the insurer prevails on the rescission claim, the insured may be ordered to make restitution in the amount of the payments made by the insurer, thus returning to zero the insurer's "actual damages" from the fraud. The practical effect of the district court's rule thus would be to render virtually impossible the collection of attorneys' fees under art. 1953.

As we have noted, under Louisiana law a fraud claimant may prove either actual damages or the strong possibility thereof. *See Transworld*, 604 So. 2d at 590. We agree with Golden Rule that, at the time of the fraud (i.e., at the time of its approval of Strauss's application), it had a strong possibility of damages, as it was underwriting a fraudulently concealed riskSSthe increased risk of Strauss's diabetes or diabetic complications. That Golden Rule recognized this risk before it had made payments and had brought this rescission action does not negate the strong possibility of damages that it suffered by insuring against concealed

8

risks.  We conclude, therefore, that Golden Rule has established fraud under art. 1953 and is entitled to attorneys' fees under art. 1958.

The judgment is AFFIRMED in part and REVERSED and REMANDED in part for the determination of appropriate attorneys' fees.